IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| LEONARDO TORRES-MARTINEZ, | § § § § | |
| *Petitioner,* | § § | |
| VS. | § § | CIVIL ACTION NO. SA-26-CV-215-FB |
| ROSE THOMPSON, Warden, Karnes County Immigration Processing Center; MIGUEL VERGARA, Acting/Director of the San Antonio Field Office U.S. Immigration and Customs Enforcement; TODD LYONS, Acting Director, Immigration and Customs Enforcement; KRISTI NOEM, Secretary of the U.S. Department of Homeland Security; and PAMELA BONDI, Attorney General of the United States, in Their Official Capacities, | § § § § § § § § § § § § § § | |
| *Respondents*. | § § | |

## ***ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS***

Before the Court are the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 filed by the Petitioner Leonardo Torres-Martinez on January 16, 2026 (ECF No. 1), and the Federal Respondents' Abbreviated Response to Habeas Petition and Request to Proceed Without Oral Argument filed on January 27, 2026 (ECF No. 6).

**DISCUSSION**

Respondents have submitted their Abbreviated Response to preserve the legal issues and to conserve judicial and party resources. They acknowledge that this Court's prior rulings concerning similar challenges to the government policy or practice at issue in this case, and the common question of law between this case and those rulings, would control the result in this case should this Court follow its legal reasoning in its prior decisions. After reviewing the briefing, provided evidence, and applicable

law, the Court will grant the Petition for the same reasons stated in the prior relevant decisions identified in the Abbreviated Response. While Respondents respectfully disagree with those decisions, the factual and legal issues presented in this case do not differ in any material fashion from those presented in the identified decisions.[1]  As requested by Respondents, the Court hereby incorporates the filings in those cases into the record in this case.

Therefore, for reasons previously stated in other cases, the Court finds as follows:  (1) it has jurisdiction to consider the arguments presented in the instant habeas petition; (2) Respondents have violated provisions of the Immigration and Nationality Act; (3) Petitioner cannot be detained under 8 U.S.C. § 1225(b); (4) fees under the Equal Access to Justice Act, 28 U.S.C. § 2412, if requested, are not available in habeas corpus proceedings like this one; and (5) *Maldonado Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM (C.D. Cal. 2025) does not preclude granting habeas relief in this case at this time. The Court treats the instant action solely as a habeas action under 28 U.S.C. § 2241 and declines to consider any constitutional or other challenge presented. Under the facts and circumstances of this case, this Court concludes Petitioner's detention is unlawful, and habeas relief is proper.

## CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that the Petition for Writ of Habeas pursuant to 28 U.S.C. § 2241 (ECF No. 1) is **GRANTED** such that:

---

[1]  The Federal Respondents note one material factual difference between this case and the cases cited within the Court's order – here Petitioner has concluded his removal proceedings.  Specifically, Respondents advise as follows:
> On May 12, 2023, Petitioner was ordered removed, and all applications for relief from removal were denied. ECF No. 1-1 at 10 (Removal Order). Petitioner reserved appeal and filed a notice of appeal with the Board of Immigration Appeals (Board) on June 5, 2023. ECF No. 1-1 at 15. If the Board affirms the immigration judge's removal order, the removal order becomes administratively final, and Petitioner will then also be subject to mandatory detention pursuant to 8 U.S.C. § 1231. This is conclusive evidence that detention is not indefinite or unnecessarily prolonged. This fact also proves that Petitioner is now an even more heightened flight risk. Therefore, should the Court order release, the Court should not restrain ICE's discretionary authority to impose restrictions of release.

Abbreviated Response, ECF No. 6 at page 2.

1. Respondents are **DIRECTED** to **RELEASE** Petitioner Leonardo Torres-Martinez (A-240-252-404) from custody, under appropriate conditions of release to a public place **as soon as practicable, but in no event later than Friday, January 30, 2026**.

2. Respondents must **NOTIFY** Petitioner's counsel, Lucia Curiel, by email [luciacuriel1989@gmail.com]or by an in-person telephone conference [(512) 402-7999] (a voicemail does not comply with this order) of the exact location and time of Petitioner's release as soon as practicable and at least two hours before his release.

3. Any possible or anticipated removal or transfer of Petitioner under this present detention is **PROHIBITED**.

4. If Petitioner is re-detained pursuant to 8 U.S.C. § 1226, all applicable procedures must be followed, including that he be afforded a bond hearing.

5. The Respondents shall **FILE** a Status Report no later than **February 2, 2026**, confirming that Petitioner has been released under appropriate conditions of release.

6. Petitioner's request, if any, for an award of reasonable attorney's fees and costs pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, is DENIED.

7. Motions pending, if any, are DISMISSED AS MOOT, and the Clerk is DIRECTED to CLOSE this case. A final judgment will issue separately.

It is so ORDERED.

SIGNED this 27th day of January, 2026.

_____
FRED BIERY
UNITED STATES DISTRICT JUDGE